FILED
JUL 13 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EMMERT INDUSTRIAL CORPORATION, an Oregon Corporation

Plaintiff,

v.

COPELAND EQUIPMENT PARTS, INC., a Texas Corporation

Defendant.

CV. 09-229-PK

FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge:

Plaintiff Emmert Industrial Corporation (Emmert) filed this action seeking monetary relief for breach of contract by the Defendant, Copeland Equipment Parts, Incorporated (Copeland). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Copeland moved to dismiss the suit for lack of personal jurisdiction or for improper venue, or, in the alternative, to transfer the case to the Southern District of Texas. Also before the court is Emmert's oral motion to strike certain evidence offered by Copeland. For the reasons set forth

below, Copeland's motion to dismiss for lack of personal jurisdiction should be granted, and all of Copeland's other motions should be denied as moot. Emmert's oral motion to strike should be denied.

**STATEMENT OF FACTS**

Copeland engages in the wholesale and retail sale of used, surplus and new heavy equipment parts. (Walker Decl., #9, at 2.) Copeland is a Texas corporation with its sole place of business in Texas. *Id.* at 1-2. All of Copeland's employees, shareholders, officers and directors are in Texas. *Id.* at 2. Copeland has no property in Oregon, nor does it maintain any facilities in Oregon. *Id.* Copeland neither buys nor sells its products in Oregon. *Id.* Copeland has never sent employees to Oregon. *Id.* Prior to its relationship with Emmert, Copeland had no business relationships with anyone in Oregon. *Id.*

Emmert specializes in the lifting, rigging and moving of large and heavy objects. (Mem. in Opp'n., #13, Ex. 1, at 2.) Emmert is incorporated in and maintains its principal place of business in Oregon. *Id.* Between March and May of 2008, Emmert entered into an oral contract with defendant Copeland. *Id.* at 3. Emmert initiated the relationship by contacting Copeland in Texas. (Walker Decl., #9, at 2.) The contract concerned the repair and upgrade of two used crawlers, vehicles used to transport very heavy equipment. (Mem. in Opp'n., #13, Ex. 1, at 2-3.) Emmert purchased the crawlers in Corpus Christi, Texas and delivered them to Copeland's facility in Houston. *Id.* at 3 Emmert sent personnel to Houston to negotiate with Copeland and oversee the repairs. *Id.*, at 3-4.

Copeland performed most of its repair work for Emmert at its facility in Houston, with the remainder performed at Emmert's facility in Danbury, Texas. (Walker Decl., #9, at 4.)

During the course of the work, Copeland's personnel in Texas had multiple telephone and email communications with Emmert's personnel in Oregon. *Id.* Copeland sent seven invoices between July and November of 2008 to Emmert in Oregon. (Mem. in Opp'n., #13, Ex. 1, at 4.) A dispute arose between the parties regarding performance of the contract and payment, which now forms the basis of the present suit. *Id.* at 4-5. During the course of the dispute, Emmert moved the crawlers to its Danbury, Texas facility. *Id.* at 4. Later, Emmert moved the crawlers to Oregon. *Id.* at 5.

## LEGAL STANDARDS

### I. Motion to Dismiss

When a defendant moves to dismiss a complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing that jurisdiction is proper. *Boschetto v. Hansing,* 539 F.3d 1011, 1015 (9th Cir. 2008). "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2001). In the absence of an evidentiary hearing, "the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995)). "Uncontroverted allegations in the plaintiff's complaint must be taken as true." *Boschetto,* 539 F.3d at 1015. "Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004).

### II. Motion to Strike

Federal Civil Procedure Rule 12 provides that the district courts "may strike from a

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on their own initiative or pursuant to a party's motion. Fed. R. Civ. P. 12(f). The disposition of a motion to strike is within the discretion of the district court. *See J.G. v. Douglas County School District*, 552 F.3d 786, 803 n.14 (9th Cir. 2008). Motions to strike are disfavored and infrequently granted. *See Stabilisierungsfonds Für Wein v. Kaiser Stuhl Wine Distributors Pty., Ltd.*, 647 F.2d 200, 201, 201 n.1 (D.C. Cir. 1981); *Clarke v. Upton*, No. CV-F-07-888, 2009 WL 1460815, at *13 (E. D. Cal. May 26, 2009).

The Supreme Court has recognized that district courts have inherent powers that result "from the nature of their institution." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also Atchison, Topeka & Santa Fe Railway Co. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (stating in relation to court's power to sanction that it is "well established that district courts have inherent power to control their dockets") (citations omitted). A district court may strike material outside the pleadings pursuant to its inherent power to control its docket. *See Centillium Communs., Inc. v. Atl. Mut. Ins. Co.*, No. C 06-07824, 2008 WL 728639, at *6 (N. D. Cal. March 17, 2008) (striking a procedurally improper motion pursuant to the court's inherent power).

## DISCUSSION

### I. Personal Jurisdiction

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto*, 539 F.3d at 1015. "Oregon's long-arm statute confers jurisdiction to the extent permitted by due process." *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990); *see also* Or. R. Civ. P. 4(L). Thus, the district court may exercise personal

jurisdiction if it is consistent with the constitutional guarantee of due process. *See Boschetto,* 539 F.3d at 1015. Due process requires that the defendant have minimum contacts with the relevant forum such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945) (citations omitted).

A court may exercise general or specific personal jurisdiction over a defendant. *Boschetto,* 539 F.3d at 1016. A court has general personal jurisdiction over a defendant whose contacts with the forum are "continuous and systematic" even if those contacts are wholly unrelated to the plaintiff's claims. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415-16 (1984). If the court lacks general personal jurisdiction it may have specific personal jurisdiction if the defendant has certain minimum contacts with the forum state, the controversy arose out of those contacts, and the exercise of jurisdiction is reasonable. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472-74 (1985). Here, Emmert concedes that the Court does not have general personal jurisdiction over Copeland. As a result, I address only the issue of specific personal jurisdiction over Copeland.

The Ninth Circuit applies a three-part test to determine if the exercise of specific jurisdiction over a nonresident defendant is appropriate. First, the defendant must purposefully direct his activities towards the forum or its residents, or he must purposefully avail "himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Boschetto,* 539 F.3d at 1016. Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities." *Id.* Finally, the exercise of jurisdiction must be reasonable. *Id.* The plaintiff must prove the first two prongs, in which case the defendant must come forward with compelling evidence that the exercise of jurisdiction would be

unreasonable. *Id.* If the plaintiff's "arguments fail under the first prong . . . [the court] need not address whether the claim arose out of or resulted from [the plaintiff's] forum-related activities or whether an exercise of jurisdiction is reasonable." *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1155 (9th Cir. 2006).

The Ninth Circuit has specifically distinguished between tort and contracts cases for the purposeful availment prong of this test. "We often use the phrase purposeful availment in shorthand fashion, to include both purposeful availment and purposeful direction, but availment and direction are, in fact, two distinct concepts." *Schwarzenegger,* 374 F.3d at 802 (citations omitted). Cases sounding in tort employ purposeful direction analysis derived from *Calder v. Jones,* 465 U.S. 783, 789-90 (1984). *See Schwarzenegger,* 374 F.3d at 802-03. Cases sounding in contract, such as this case, employ purposeful availment analysis. *See Boschetto,* 539 F.3d at 1016; *Roth v. Garcia Marquez,* 942 F.2d 617, 621 (9th Cir. 1991); *McGlinchy v. Shell Chemical Co.,* 845 F.2d 802, 817 (9th Cir. 1988).

The Supreme Court has firmly rejected the application of "mechanical" tests to determine personal jurisdiction. *Int'l Shoe,* 326 U.S. at 319. The Court emphasized "the need for a highly realistic approach that recognizes that a contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." *Burger King,* 471 U.S. at 479 (citations omitted). "[A]n individual's contract with an out-of-state party *alone* [cannot] automatically establish sufficient minimum contacts in the other party's home forum." *Id.* at 478. Parties to an interstate contract "who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the

consequences of their activities." *Id.* at 473 (quoting *Travelers Health Assn. v. Virginia,* 339 U.S. 643, 647 (1950)). This continuing relationship must create a "substantial connection" between the defendant and the forum state that is more than merely "random, fortuitous or attenuated." *Id.* at 479-80.

A defendant whose interstate contract contemplates "significant future consequences" in another state has a continuing relationship with the parties to the contract in that state. *Roth,* 942 F.2d at 622 (citations omitted). In *Roth,* a film producer in California sued a foreign author and his agent for breach of contract. The contract was for the production of a film, to be filmed in Brazil, but "all of the editing, production work, and advertising would have occurred in California." *Id.* The defendants were to receive checks that depended on this future activity within California, so they had a continuing relationship with California residents. *Id.* The Ninth Circuit held that the exercise of jurisdiction was appropriate since "the contract's subject would have continuing and extensive involvement with the forum." *Id.*

Similarly, a defendant that has ongoing obligations to residents of another state has a continuing relationship with those residents. *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1399 (9th Cir. 1986). In *Haisten,* a patient sued an insurance fund in the Cayman Islands. The fund "was carefully and deliberately established to appear to be doing business only in the Cayman Islands," and maintained no physical contacts whatsoever with California. *Id.* at 1395. Yet the purpose of the fund was to provide malpractice insurance to doctor's in California. *Id.* The court held that the exercise of jurisdiction was appropriate because an "insurance contract creates continuing obligations between the insurer and the insured." *Id.* at 1399. The court also discussed the defendant's activities that were purposefully

directed at California, but it limited this analysis to the unique "insurance context presented by the instant case." *Id.* To the extent the plaintiff here relies on the purposeful direction analysis in *Haisten*, that argument is unavailing in light of the unique circumstances of that insurance contract case.

Conversely, a continuing relationship is not established by a "contract for the sale of a good that involved the forum state only because that is where the purchaser happened to reside, but otherwise created no substantial connection or ongoing obligations there." *Boschetto,* 539 at 1019 (citations omitted). In *Boschetto*, a California resident sued residents of Wisconsin for breach of a contract for the sale of an automobile over the eBay auction website. *Id.* at 1014-15. The court found that "the nature of the contract entered into did not create any substantial connection between Boschetto and the Defendants beyond the contract itself." *Id.* at 1017 n. 3 (citations omitted). Consequently, the court held that the exercise of jurisdiction was inappropriate because the contract created no continuing relationship between the parties. *Id.* at 1017; *see also Gray,* 913 F.2d at 761 (no jurisdiction where there was "no evidence the sale contemplated a continuing relationship").

Repeated communication with residents of another state cannot alone establish a continuing relationship. *Sher v. Johnson,* 911 F.2d 1357, 1362, 1366 (9th Cir. 1990). In *Sher,* a California couple sued a Florida law partnership and the individual partners on a breach of contract claim. The partner with the greatest individual contacts had "made phone calls and sent letters to California . . . and travelled to California on three occasions to service his client." *Id.* at 1366. The court held that the exercise of jurisdiction over the individual partners was inappropriate because "[s]uch contacts alone do not constitute purposeful availment of the

privilege of conducting activities in California." *Id.* Furthermore, the court noted that these contacts, without more, would have been insufficient to establish jurisdiction for the partnership as "this is not the deliberate creation of a substantial connection with California." *Id.* at 1362. An additional showing that the partnership had invoked the benefits and protections of California law to protect its future interests rendered jurisdiction appropriate, but the interstate communications alone were insufficient. *Id.* at 1363-1364 (citations omitted). *See also McGlinchy,* 845 F.2d at 816 (no jurisdiction where the contract was signed in forum because it was negotiated in England and the execution and termination was conducted by mail); *Peterson v. Kennedy,* 771 F.2d 1244, 1261-1262 (9th Cir. 1985) (no jurisdiction where defendant's sole contact with the forum state was telephone calls and letters); *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica,* 614 F.2d 1247, 1254 (9th Cir. 1980) ("use of the mails, telephone or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the state.").

Here, Emmert failed to show that Copeland sustained a continuing relationship with or obligation to Emmert in Oregon that would constitute purposeful availment. Unlike the defendant in *Roth,* Copeland did not contemplate any future consequences or activities in Oregon. The negotiations and the repair work took place in Texas, and none of the performance was to occur in Oregon. Unlike the defendant in *Haisten,* Copeland did not assume any future obligations in Oregon. Emmert presented no evidence that Copeland had any further contractual obligations after the crawlers left Texas. Like the sale found insufficient to support jurisdiction in *Boschetto,* the repair contract between Emmert and Copeland contemplated only a single transaction. The transaction occurred over the course of several months, but it was still a single

job to be performed exclusively in Texas. Like the individual partners in *Sher,* Copeland repeatedly interacted with Emmert in Oregon via phone, email and invoices and, as in *Sher,* those interactions are insufficient to establish purposeful availment.

Emmert has failed to make a prima facie case to support the first prong of the test for specific personal jurisdiction, so there is no need to address the other two prongs of the test. Copeland's motion to dismiss for lack of personal jurisdiction should be granted.

## II. Motion to Strike

Emmert, without specifying supporting authority, moves to strike certain evidence offered by Copeland, the Walker Declaration. As such I consider the motion in light of both Rule 12 and the inherent powers of the court. "Under the express language of [Rule 12], only pleadings are subject to motions to strike." *Sidney-Vinstein v. A. H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Copeland's proffered evidence is not contained within a pleading. Therefore, I cannot strike the evidence pursuant to Rule 12.

Moreover, there is no evident reason for the court to exercise its inherent power to control its docket by striking the subject evidence. Inadmissible material contained in any document offered into evidence by either party will be and has been disregarded by the court. Emmert's motion to strike should be denied.

## CONCLUSION

For the foregoing reasons, Defendant Copeland's motion to dismiss for lack of personal jurisdiction (#6) should be granted. Emmert's motion to strike should be denied. Copeland's other motions should be denied as moot and judgment should be entered accordingly.

**SCHEDULING ORDER**

Objections, if any, are due July 27, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

IT IS SO ORDERED.

Dated this 13th day of July, 2009.

Honorable Paul Papak
United States Magistrate Judge